CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 18 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:19-CR-14 |
| v. | ) |
| | ) |
| DURAND E. BERRY, | ) |
| | ) By: Michael F. Urbanski |
| Defendant. | ) Chief United States District Judge |

## ORDER

This matter comes before the court on two motions filed by defendant Durand E. Berry: (1) a motion seeking dismissal of the Indictment, ECF No. 33; and (2) a motion seeking a bill of particulars from the government, setting forth the specific prior conviction or convictions defendant is required to register under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901, ECF No. 32. The United States responded to both motions on July 12, 2019. ECF No. 41. These issues are now ripe.

I.

The Indictment charges defendant with "having traveled in interstate and foreign commerce, . . . knowingly fail[ing] to register and update his registration" pursuant to SORNA. ECF No. 12. Defendant moved to dismiss the Indictment in this case on the grounds that the prior convictions he presumes require him to so register predate the enactment of SORNA and that Congress "unlawfully and unconstitutionally delegated legislative authority to the Attorney General to determine the retroactivity of SORNA to pre-enactment offenders." ECF No. 33 at 2. Defendant conceded that the Fourth Circuit had ruled against this argument in the unpublished opinion United States v. Burns, No. 09-

4909, 2011 WL 970644 (4th Cir. March 21, 2011), but pointed out that, at the time of the filing of his motion, the question was pending before the Supreme Court.

As the United States pointed out in its response to the motion, the Supreme Court has since ruled on this issue in <u>Gundy v. United States</u>, 588 U.S. __ (2019). ECF No. 41. The Supreme Court held unequivocally in its opinion that the delegation of authority to the Attorney General to determine the retroactive application of SORNA to sex offenders convicted before its enactment "easily passes constitutional muster." <u>Id.</u> at 1. This ruling upheld that of the Fourth Circuit in <u>Burns</u> and extinguishes any argument defendant might make to dismiss the Indictment on unconstitutional delegation grounds.

Defendant's motion to dismiss the Indictment, ECF No. 33, is **DENIED**.

## II.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, "[t]he court may direct the government to file a bill of particulars" to "enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial." <u>United States v. Schembari</u>, 484 F.2d 931, 934–35 (4th Cir. 1973). A bill "is not to be used to provide detailed disclosure of the government's evidence in advance of trial." <u>United States v. Automated Med. Labs., Inc.</u>, 770 F.2d 399, 405 (4th Cir. 1985). Furthermore, a bill of particulars is unnecessary if the indictment provides fair and sufficient information on the charges brought against the defendant. <u>United States v. Butler</u>, 885 F.2d 195, 199 (4th Cir. 1989). Finally, an indictment that could be deemed insufficient in the number of details it provides might still be cured during the subsequent discovery process. <u>See, e.g.</u>, <u>United States v. Najera</u>, 585 F. App'x 185, 185 (4th Cir. 2014) ("Because the Government provided

2

Najera with full discovery and because Najera failed to show that he suffered any unfair surprise, we conclude that the district court did not abuse its discretion in determining that this was a discovery issue and denying the motion for a bill of particulars.") (citation omitted); United States v. Soc'y of Indep. Gasoline Marketers of Am., 624 F.2d 461, 466 (4th Cir. 1979) ("We find no merit in the defendants' charge that the trial court improperly denied their request for a more detailed bill of particulars . . . . the Government supplied the defendants with copies of all grand jury testimony, access to all documents subpoenaed from non-defendants; all documents voluntarily submitted to the Government by third parties in the course of the investigation; and all available Brady material.").

The court finds no reason to order a bill of particulars from the government. First, as can be read in defendant's motion to dismiss the Indictment, defendant understands that "the government will allege that Mr. Berry is required to register under SORNA due to his 1984 Georgia convictions for rape and sodomy." ECF No. 33. Second, as the United States argues in its response, the government has provided open file discovery in this case and, since the filing of defendant's motion, has corresponded with defendant to clarify which prior convictions necessitated SORNA registration. See ECF No. 41 at 5 ("In an email to defense counsel dated June 11, 2019, the government clarified, in writing, that Defendant is required to register in both Georgia and Nevada."). This exchange of information more than eliminates any possible need for a bill of particulars. See United States v. Byrd, No. 1:07CR0005, 2007 WL 773924, at *1 (W.D. Va. Mar. 12, 2007) ("The government has confirmed that it will engage in extensive voluntary disclosure in this case. Such disclosure is

3

an important factor to consider in deciding whether to order a bill of particulars."). Defendant's motion, ECF No. 32, is **DENIED**.

### III.

For the reasons explained above, the court **DENIES** Berry's Motion for Dismissal of the Indictment, ECF No. 33, and Motion for a Bill of Particulars, ECF No. 32.

It is **so ORDERED**.

Entered: 07-17-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge