CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 18 2019

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:19-cr-14 |
| v. | ) |
| | ) By: Michael F. Urbanski |
| DURAND E. BERRY, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the court on defendant Durand E. Berry's motion to dismiss the Indictment as it relates to defendant's prior conviction for open or gross lewdness, in violation of Nevada Revised Statute 201.210. ECF No. 52. Defendant argues that this offense does not trigger any requirement that he register under the Sex Offender Registration and Notification Act ("SORNA"). The government responded on September 12, 2019. ECF No. 56. For the reasons stated below, defendant's motion is **DENIED**.

I.

On February 7, 2019, defendant was charged with a single count of failing to register under SORNA, pursuant to 18 U.S.C. § 2250. ECF No. 12. The government did not specify in the Indictment which prior convictions required the defendant's registration, but in response to motions filed after the issuance of the Indictment, the government alleged that defendant was required to register due to his prior convictions in Georgia in 1984 for rape and sodomy and Nevada in 2007 for open or gross lewdness. ECF No. 41. Defendant argues that the Indictment should be dismissed as it relates to his Nevada conviction because open or gross lewdness under NRS § 201.210 does not meet the definition of "sex offense" under SORNA. ECF No. 52.

In support of this argument, defendant points to SORNA's definition of "sex offense": "a criminal offense that has as an element involving a sexual act or sexual contact with another." 34 U.S.C. § 20911(5)(A). The Attorney General's guidelines for SORNA provide further details as to how to define a sexual offense:

> The offenses covered by this clause should be understood to include all sexual offenses whose elements involve: (i) Any type or degree of genital, oral, or anal penetration, or (ii) any sexual touching of or contact with a person's body, either directly or through the clothing.

73 Fed. Reg. 38030-01, 38051. Defendant argues that under the categorical approach, NRS § 201.210 does not include as a required element proof of any sex act or sexual contact with another, as the judicially-defined elements of the statute have been summarized by the courts as follows: "(1) intentional sexual conduct, either (2) in public or in private, in an open manner, (3) with the intent that the acts be offensive to the victim." Lytle v. State, 125 Nev. 1058, at *6 (2009). None of these elements requires penetration, or indeed contact of any kind. For this reason, defendant argues that this prior conviction did not require registration under federal law and federal guidelines, and thus this case cannot proceed on the basis of his Nevada conviction.

## II.

SORNA, enacted in 2006 as Title I of the Adam Walsh Child Protection and Safety Act., was enacted to make sense of the "patchwork of federal and 50 individual state registration systems" that existed prior to 2006 and "set[] forth comprehensive registration system standards." Reynolds v. United States, 656 U.S. 432, 435 (2012). See 42 U.S.C. §§ 16901–16962. While defendant argues that the dictates established by SORNA do not require his registration,

the government points to <u>Williams v. Nev. Bd. Of Parole Comm'Rs</u>, 2018 Nev. Dist. LEXIS 716, at *1 (Nev. Dist. Ct. July 17, 2018), which addressed the same issue and found the opposite:

> Under the Adam Walsh Act, Petitioner's gross misdemeanor convictions under NRS 201.210 for open and gross lewdness require him to register as a sex offender. NRS 179D.097(1)(j) defines "[s]exual offense" as "[o]pen or gross lewdness pursuant to NRS 201.210." Likewise, a "sex offender" is defined as "a person who, after July 1, 1956, is or has been convicted of a sexual offense listed in NRS 179D.097." NRS 179D.095(1). Accordingly, Petitioner is a sex offender who has been convicted of a sexual offense for which registration and community notification is required. See NRS 179D.475.

<u>Id.</u> at *6. Under Nevada law, a sex offender is "a person who, after July 1, 1956, is or has been convicted of a sexual offense listed in NRS § 179D.097." Nev. Rev. Stat. § 179D.095(1). Open or gross lewdness is indeed listed thereunder. As stated by <u>Williams</u>, such a conviction requires registration under the terms of SORNA.

Defendant's motion is **DENIED**.

It is **SO ORDERED**.

Entered: 09/18/2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

3